## No. 27638

## The People of the State of Colorado v. Radomir Rutovic

(566 P.2d 705)

Decided July 25, 1977.

John F. Healy, District Attorney, John M. Blish, Deputy, for plaintiff-appellant.

Terence J. Quinn, for defendant-appellee.

*En Banc.*

MR. JUSTICE GROVES delivered the opinion of the Court.

This case involves the warrantless search of an automobile. The People contend that the search was valid since it was conducted by police for inventory purposes. The district court granted defendant's motion to suppress certain incriminating evidence found in the car during the search. The district attorney instituted this interlocutory appeal to contest that ruling. We affirm.

The defendant was arrested in Vail, Colorado, and charged with felony theft, section 18-4-401, C.R.S. 1973. He had allegedly stolen over $200 from the cash register of a gasoline service station in Vail Village. After defendant's arrest and incarceration, the arresting officer drove the defendant's car to the Vail Police Department's impound lot. Once there, and without obtaining a search warrant, two officers conducted what they styled to be an "inventory search" of the automobile. Inside the zippered cover of the automobile's front seat armrest, the police officers discovered fourteen twenty-dollar bills.

The ruling of the court was as follows:

"The Court grants the motion to suppress . . . on the grounds that the car was impounded by the policemen and held by them and under their complete control for a period of four hours on a Monday at a time when a warrant could have been obtained. There were no exigent circumstances requiring or permitting a search without obtaining a warrant."

■ The People's only contention is that because the search was conducted pursuant to the police department's standard policy concerning inventory search, the warrantless search was valid. Under the circumstances of this case, we do not agree. Despite the fact that the type of search coincided with an official department regulation, the search here was tantamount to a general rummaging. Its focus was accusatory, being an exploration seeking to discover incriminating evidence against the defendant.

Cross-examination of one of the officers brought out the following:

"Q: While you were making the inventory search, you were looking for the money, weren't you?

"A: Yes, sir.

"Q: And you were hoping you'd find it; weren't you?

"A: Yes, sir.

\* \* \* \*

"Q: Then, when you and [the other officer] were discussing the search, either before you made it or while you were making it, did either of you remark about how you hoped you would find the money?

\* \* \* \*

"A: Just that it could really make my case stronger if the money would turn up inside the vehicle while we're making a search."

■ A warrantless inventory is proper if conducted within reasonable limits for legitimate purposes. These limits and purposes were set forth by this court in *People v. Counterman*, 192 Colo. 152, 556 P.2d 481 (1976).

The purposes include: (1) protection of owner's or occupant's property, (2) protection of the police officer from liability based upon subsequent claims of missing or damaged property, and (3) protection of police and public from dangerous instrumentalities reasonably believed to be inside the car.

In this case, the search was not conducted with a view toward any of these purposes, but rather with the calculated intention of securing incriminating evidence against the defendant. Since the seizure here did not come within the recognized exceptions to warrant requirements, it was illegal.

Ruling affirmed.

MR. JUSTICE ERICKSON does not participate.